UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE IVES, #405468,

       Plaintiff,

v.                                                                          CASE NO. 2:11-cv-13410
                                                                            HONORABLE SEAN F. COX
D. SCUTT, *et al*.,

       Defendants.
_____/

**OPINION & ORDER**

**(1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS THIS ACTION WITHOUT PREJUDICE,**

**(2) DIRECTING PAYMENT OF THE INITIAL PARTIAL FILING FEE AND SUBSEQUENT PAYMENTS, AND**

**(3) DISMISSING THE COMPLAINT WITHOUT PREJUDICE**

Terrance Ives, a state prisoner presently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The complaint seeks declaratory, injunctive, and monetary relief from Prison Health Services, Inc., and thirteen individuals for deliberate indifference to a serious medical condition. This matter comes before the Court on Plaintiff's motion to dismiss this action without prejudice. For the reasons set for forth below, the Court shall GRANT IN PART and DENY IN PART Plaintiff's motion.

I.  BACKGROUND

Plaintiff filed his complaint on August 5, 2011, and on August 11, 2011, the Court mailed

1

two deficiency orders to Plaintiff. The first order directed Plaintiff to submit either the filing fee for this action or an application to proceed without prepayment of the filing fee, along with a certified statement of his trust fund account and an affidavit of indigence. The second order directed Plaintiff to submit ten copies of his complaint to the Court for service on the defendants.

Plaintiff has not complied with the Court's orders. Instead, he filed the pending motion to dismiss this action without prejudice. He alleges in his motion that he was recently released from the hospital after being confined there for six weeks. He claims that he is ill, confined to a wheelchair, and unable to respond to any pleadings filed by the defendants. He seeks to have the filing fee waived and to withdraw his complaint without prejudice.

## II. ANALYSIS

Under 28 U.S.C. § 1915(b)(1), prisoners must pay the full amount of the filing fee for their civil actions. A prisoner who wishes to proceed without prepayment of the fees and costs for a civil action must submit to the district court a financial affidavit listing his or her financial assets and a certified statement of his or her trust fund account for the previous six months. 28 U.S.C. § 1915(a)(2). The Court must then assess and, when funds exist, collect an initial partial filing fee consisting of twenty percent of the greater of the average monthly deposits to the inmate's prison account or the average monthly balance in the inmate's account for the previous six months. 28 U.S.C. § 1915(b)(1). In subsequent months, the inmate must make monthly payments of twenty percent of the preceding month's income credited to his or her account. 28 U.S.C. § 1915(b)(2).

By filing a complaint, the inmate waives any objection to the assessment of fees and to the withdrawal of funds from his or her trust fund account to pay court fees and costs. *McGore*

*v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997).

> If an inmate, not paying the full filing fee, fails to provide an affidavit of indigency or trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or pay the full filing fee. If the prisoner does not comply with the district court's directions, the district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees. The district court must then order the case dismissed for want of prosecution.

*McGore*, 114 F.3d at 605; *see also In re Prison Litigation Reform Act*, 105 F.3d at 1132.

> Even a voluntary dismissal of a complaint or an appeal does not eliminate a prisoner's obligation to pay the required filing fees. Section 1915(b)(1) compels the payment of the respective fees at the moment the complaint or notice of appeal is filed. Any subsequent dismissal of the case does not negate this financial responsibility.

*McGore*, 114 F.3d at 607 (citations omitted); *see also In re Litigation Reform Act*, 105 F.3d 1133-34.

Plaintiff did not prepay the filing fee for this action when he filed his complaint, and he has not complied with the Court's order directing him to pay the filing fee or to submit the required application and financial information. Pursuant to *McGore* and *In re Litigation Reform Act*, the Court is required to (1) presume that Plaintiff is not a pauper, (2) assess the full amount of the filing fee, and (3) dismiss this case for want of prosecution. The Court, nevertheless, will dismiss the complaint without prejudice.

### III.  CONCLUSION AND ORDER

For the reasons stated above, IT IS ORDERED that Plaintiff's motion to dismiss is **GRANTED** in part and **DENIED** in part. The request for a dismissal without prejudice is granted pursuant to Federal Rule of Civil Procedure 41(a)(2), but the request to waive the filing

fee is denied.

IT IS FURTHER ORDERED that the agency having custody of Plaintiff shall: (1) calculate and withdraw an initial partial filing fee consisting of twenty percent of the greater of the average monthly deposits to Plaintiff's prison account or the average monthly balance in his account for the previous six months; (2) forward this amount to the Clerk of this Court within thirty days of the date of this order; and (3) in subsequent months, or from time to time, forward payments of twenty percent of the preceding month's income credited to Plaintiff's account to the Clerk of this Court until Plaintiff has paid the entire filing fee of $350.00.  If insufficient funds exist in Plaintiff's account to collect an initial partial filing fee, the amount due and subsequent amounts due shall be remitted to the Court as they become available.  The Court will notify the agency having custody of Plaintiff when Plaintiff has paid the entire filing fee.

IT IS FURTHER ORDERED that the complaint is dismissed without prejudice.

IT IS SO ORDERED.


Dated:  November 21, 2011　　　　　　　　　　S/ Sean F. Cox
　　　　　　　　　　　　　　　　　　　　　　Sean F. Cox
　　　　　　　　　　　　　　　　　　　　　　U. S. District Court Judge


I hereby certify that on November 21, 2011, the foregoing document was served upon counsel of record by electronic means and upon Terrance Ives by First Class Mail at the address below:

Terrance Ives #405468
G. Robert Cotton Correctional Facility
3500 N. Elm Road
Jackson, MI 49201

Dated:  November 21, 2011　　　　　　　　　　S/ J. Hernandez
　　　　　　　　　　　　　　　　　　　　　　Case Manager